Thurman, C. J.
As the goods mentioned in the bill have been sold since it was filed, upon the executions of certain of the defendants, the bill must be dismissed for want of a subject for a decree to operate upon, unless the complainants, by filing their’ *626 bill, obtained a lien preferable to those acquired by the levies of fhe executions. If they did, they had a right to be first paid out ■of the proceeds of the sales, and are entitled to a decree for the sum duo them, against the execution creditors, who received the whole proceeds, the proceeds being sufficient to satisfy the complainants’ claim.
The filing of a creditor’s bill and service of process after a ^judgment at law, under the 16th section of the chancery practice act of 1831 (Swan’s Stat., old ed. 704), gave a lien by the -express terms of that section ; and even without an express provision to that effect, a lien would thereby have been created, pirobably, by the known rules and usages of equity. Hence the existence of such a lien has been frequently recognized by our courts. .Douglas v. Huston et al., 6 Ohio, 156; Miers & Coulson v. Zanesville & Maysville Turnpike Road Co., 13 Ohio, 197.
But it has never been held, so far as we are advised, that a lien upon property subject to sale upon execution', was created by the filing of a bill under the 15th section of the act, or under the amendatory act of 1848. 46 Ohio L. 96.
Nor are we able to perceive any sufficient ground upon which-to claim such a lion. It finds no support in the usages of courts -of chancery, for, independent of statutory provisions, the proceeding is unknown to those courts. A bill to reach propoei'ty not liable to legal process, and subject it to the payment of a judgment, is now a well known equitable remedy, however much it may once have been questioned; but not so a bill to enjoin a disposition of -effects until a judgment can be obtained. The former needs no statute to support it; Bayard v. Hoffman, 4 Johns. Ch. 450; but the latter is the mere creature of the statute. Looking to the .statute, then, we find no provision in it giving a lien in a case like the present. The object seems to have been to restrain a disposition of property until a judgment could be obtained and an execution be levied upon it. It was not intended to dispense with an •execution where the property was subject to that process. It was not intended that a creditor, by filing a bill like that before us, should be able to tie up) all a debtor’s property, so that no other creditor could reach it during the pendency of the bill. Such a provision would be extremely pernicious, and open a wide door to •collusion and fraud.
We are therefore of opinion that the complainants, by filing *627, 628 their bill, obtained no lien upon the goods in question; that they *were well taken upon the defendants’ execution, and the execution creditors are entitled to their proceeds.
It may be well to remark, in order to guard against misapprehension, that we express no opinion upon the question, whether a lien' upon equities, or choses in action not subject to execution at law, might be obtained by filing a bill under section 15 of the act of 1831, or the act of 1848. Upon such a bill a decree might be taken, after judgment recovered, subjecting such equities or choses in action, to its payment, as upon a bill filed under section 16. Gurney v. Tannenwald, 18 Ohio, 486. Consequently, there is much reason, in such a case, for claiming a lien; but as the question is not before ub, we do not decide it.
There is another objection equally fatal to the complainants’ case.. Their bill was filed and injunction obtained before their action at-law "was commenced. But by the express provisions of the statute, the pendency of an action is indispensable to authorize the filing of such a bill. A common-law action can not be said to be pending-before mesne process is issued, and there is nothing in the proofs before us to show that process, in the complainants’ action.at law, was issued before Novemb’er 29, Their bill was filed and injunction allowed November 28.
It being unnecessary to decide the other questions argued by-counsel, we express no opinion upon them.

Bill dismissed.